01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DEAN WILKS,                )
                                 )
            Petitioner,          )
                                 )      Case No. C05-0235-RSM
      v.                         )
                                 )
REED HOLTGEERTS,                 )
                                 )      REPORT AND RECOMMENDATION
            Respondent.          )
_____)

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a 28 U.S.C. § 2254 petition for writ of *habeas corpus.* Respondent has filed a response opposing the petition. Following a careful review of the parties' pleadings and the record, the Court recommends that the petition be denied.

FACTS AND PROCEDURAL HISTORY

On June 30, 2003, the Seattle Municipal Court ("SMC") issued a judgment and sentence against petitioner in two separate cases. In the first case, petitioner was convicted on two counts of assault and one count of harassment. Ex. 4. In the first case, he was sentenced to consecutive sentences of 365 days on each count, with 275 days suspended on the third count. *Id.* In the second case, petitioner was convicted on three counts of violating a domestic violence order and sentenced to 365 days, also to run consecutively.[1] Ex. 5.

_____

[1]All 365 days were suspended on the third count. Ex. 5.

REPORT AND RECOMMENDATION
PAGE -1

01        A.      Direct Review Proceedings

02        Petitioner appealed both of his SMC convictions to the King County Superior Court,

03   raising what appear to be nine arguments.  Exs. 15-21.  The court, however, found that "the

04   trial courts did not abuse their discretion at trial or sentencing[ ]" and affirmed both

05   convictions.  Ex. 24.  Plaintiff filed a motion for reconsideration, but it appears to have been

06   denied.  Ex. 22.

07        On October 6, 2004, petitioner filed a motion for discretionary review with Division I

08   of the Court of Appeals which challenged both of his convictions.[2]  Ex. 27.  The motion

09   assigned no specific errors, cited no legal authority, and described no factual context of any

10   constitutional violations.  Ex. 27.  It simply attached the Superior Court's one page decision.

11   *Id.*  The court identified these deficiencies and therefore denied the motion.  Ex. 28.

12        On December 6, 2004, the Washington Supreme Court received a letter from petitioner

13   that had been forwarded to it by the Court of Appeals.  Ex. 29.  The letter requested that the

14   court re-open a personal restraint petition ("PRP") filed by petitioner.  The petition, however,

15   identified no specific constitutional error, cited no legal authority, and described no facts.  Ex.

16   29.  The court construed the letter as a motion for discretionary review and denied it, because

17   it demonstrated "no error meriting review . . . [and simply] listed several errors without placing

18   them in any factual context."  Exs. 29, 30.  The Court of Appeals issued its Certificate of

19   Finality on January 28, 2005, and denied petitioner's subsequent request to recall it.  Exs. 31-

20   33.

21        Petitioner did not seek further direct review from any court.

22        B.      State Collateral Review

23        On October 15, 2003, while petitioner was still pursuing his direct appeal, the Court of

24   Appeals received a PRP that challenged petitioner's SMC convictions.  Exs. 11, 13.  The

25

26        [2]The cases appear to have been consolidated prior to the filing of this motion.  Ex. 27.

REPORT AND RECOMMENDATION
PAGE -2

01 petition identified six errors, but cited no law and described no facts.[3]  Exs. 11, 13.  Observing

02 that plaintiff's direct appeal was pending, the court held that the PRP was premature and

03 dismissed it.  Ex. 14.  A Certificate of Finality was issued on March 1, 2004.  *Id.*

04          Petitioner filed a petition for writ of *habeas corpus* in King County Superior Court on

05 June 30, 2004, which assigned nine errors to his SMC convictions.  Ex. 25.  The petition was

06 transferred to the Court of Appeals on August 19, 2004.[4]  Ex. 26.  The court construed the

07 petition as a PRP and dismissed it, because it presented only conclusory allegations that were

08 not supported by the record.  Ex. 42.

09          On August 4, 2004, petitioner filed a separate PRP directly with the Court of Appeals.

10 Ex. 34.  In it, petitioner asserted seven errors, but cited no law or facts.  *Id.*  On September 30,

11 2004, the Court of Appeals dismissed the petition because petitioner's motion for direct review

12 was still proceeding.  Ex. 36.  A Certificate of Finality was issued on December 6, 2004.  Ex.

13 37.

14          On February 18, 2005,  petitioner filed a 28 U.S.C. § 2254 petition for writ of *habeas*

15 *corpus* with this Court.  Dkt. Nos. 1, 7.  His amended petition is now before the Court.  Dkt.

16 No. 8.

17                              CLAIMS FOR RELIEF

18          Petitioner raises five claims for relief in his petition.  He argues (1) that he received

19 ineffective assistance of counsel; (2) prosecutorial misconduct resulting from the assistant

20 prosecutor allegedly lying to the jury; (3) denial of the right to proceed *pro se* at both trials; (4)

21

22

23 ────────────────

24          [3]Plaintiff's Superior Court appellate brief, which does describe facts and cite case law, was attached.  Ex. 11.

25          [4]The copy of this PRP in the file does not actually have a file number, but the Court of
26 Appeals Order Dismissing Personal Restraint Petition with that file number quotes language identical to that contained in this document.  Dkt. No. 47, Ex. 42.

REPORT AND RECOMMENDATION
PAGE -3

01   "denial of right to compulsory process[;]"[5] and (5) that the no-contact order he was convicted

02   of violating was invalid.[6]  Dkt. No. 8.

03       In his answer, respondent argues that petitioner has failed to exhaust his claims in state

04   court.  Dkt. No. 15.  Further, he argues that petitioner has not articulated any specific

05   violations of federal law sufficient for this Court to grant relief.  Dkt. No. 15.

06   DISCUSSION

07       In order for a federal district court to review the merits of a § 2254 petition for writ of

08   *habeas corpus*, the petitioner must first exhaust his state-court remedies.  28 U.S.C.

09   § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). A petitioner can

10   satisfy the exhaustion requirement by either (1) fairly and fully presenting each of his federal

11   claims to the state's highest court, or (2) demonstrating that no state remedies are available to

12   him.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A petitioner fairly and fully

13   presents a claim if he submits it "(1) to the proper forum, (2) through the proper vehicle, and

14   by providing the *proper factual and legal basis for the claim*."  *Insyxiengmay v. Morgan*, 403

15   F.3d 657, 668 (9th Cir. 2005) (emphasis added) (internal citations omitted); *see also Gray v.*

16   *Netherland*, 518 U.S. 152, 162-63 (1996) (indicating that exhaustion requires petitioners to

17   make "reference to a specific federal constitutional guarantee, as well as a statement of the

18   facts that entitle the petitioner to relief.").

19       The Ninth Circuit requires that a petitioner explicitly identify the federal basis of his

20   claims either by identifying specific portions of the federal Constitution or statutes, or by citing

21   federal or state case law that analyzes the federal Constitution.  *Insyxiengmay*, 403 F.3d at

22

23       [5]This argument appears to assert that the trial court erred by declining to transport a

24   defense witness from New Orleans to Seattle for trial.  Dkt. No. 8.

25       [6]In his reply, petitioner also argues that he is entitled to an evidentiary hearing.  Dkt.

26   No. 45.  Because the Court can resolve the petition on the record now before it, the hearing

  must be denied.  *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (internal citations

  omitted).

REPORT AND RECOMMENDATION
PAGE -4

01 668; *Fields*, 401 F.3d at 1021. This is to ensure that state courts are adequately alerted to the

02 fact that petitioner is raising federal constitutional claims. *Hiivala v. Wood*, 195 F.3d 1098,

03 1106 (9th Cir. 1999). Alluding to broad constitutional principles, without more, does not

04 satisfy the exhaustion requirement. *Id.* Although *pro se habeas* petitioners may be entitled to

05 more leniency than petitioners with counsel, *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir.

06 2003), petitioners ordinarily do not satisfy the exhaustion requirement if the state court must

07 read beyond their motion in order to be alerted to their claims. *Baldwin v. Reese*, 541 U.S. 27,

08 32 (2004).

09       Here, petitioner has failed to demonstrate that he has fairly and fully exhausted his

10 federal claims in state court. Though the record is somewhat complex, it appears that the only

11 claims presented to the Washington Supreme Court were those in petitioner's PRP of June 30,

12 2004. Ex. No. 25. The Washington Court of Appeals forwarded the PRP to the Washington

13 Supreme Court, where it was construed as a motion for discretionary review. Ex. Nos. 29-30.

14 According to the record, petitioner made the following assignments of error:

15     1.    The court's denial of his right to compulsory process;

16     2.    The court's denial of his right to a fair trial;

17     3.    The court's denial of his right to effective assistance of counsel;

18     4.    The court's denial of his right to "self representation" *pro se*, at both

19         trials;

20     5.    The court's denial of his right to have bail set during appeal;

21     6.    The court's issuance of a protective order for a one Paula Matthews
        (a/k/a Boquoi) on May 3, 2002;

22     7.    Prosecutorial misconduct by City Assistant Attorneys James Kennedy

23         and Derick Smith at both trials;

24     8.    Error by Municipal Court Judge C. Kimi Kondo at trial and at the
        sentencing hearing; and

25     9.    Error to SMC Judge Holtfield at the June 13, 2003, readiness hearing.

26 Ex. No 25.

REPORT AND RECOMMENDATION
PAGE -5

01      Petitioner's submission to the Washington Supreme Court provides no reference to the

02  federal Constitution nor to any federal statutes.  Similarly, it cites no federal or state case law

03  that construes or otherwise incorporates any federal law.  It also lacks any description of the

04  factual circumstances which petitioner believes give rise to his alleged constitutional

05  violations.[7]  Rather, as the Washington Supreme Court observed in its Ruling Denying

06  Review, petitioner's submission "simply lists several claimed errors without placing those

07  claims within any factual context and without any reference to the record."  Ex. 30.  As a

08  result, petitioner has failed to fairly and fully alert the state courts to the fact that he was

09  attempting to raise federal constitutional claims.  *Hiivala*, 195 F.3d at 1106.  His current

10  petition is therefore unexhausted and should be dismissed.

11                                          CONCLUSION

12      Because petitioner has failed to properly exhaust his federal claims in state court, the

13  Court recommends that his 28 U.S.C. § 2254 motion be denied.  A proposed order

14  accompanies this Report and Recommendation.

15      DATED this 6th day of September, 2005.

16                                                  *James P. Donohue*

17                                                  _____
                                                    JAMES P. DONOHUE
18                                                  United States Magistrate Judge

19

20

21

22  _____

23      [7]The Court notes plaintiff's appellate briefing in the Superior Court identified federal
    constitutional rights and cited some cases. Exs. 16, 21-22.  Additionally, it appears that his
24  first PRP incorporated at least some of those arguments, as well as the briefs themselves. Ex.
    11.  There is no evidence, however, that these arguments and supplemental materials were
25  ever viewed by the Washington Supreme Court.  Moreover, the Washington Supreme Court
    had no obligation to read beyond the motion submitted to it in order to find those arguments.
26  *Baldwin*, 541 U.S. at 32.

REPORT AND RECOMMENDATION
PAGE -6